## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES BRUCE CORLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 09-0080-WS-C** |
| **v.** | ) | |
| | ) | **CRIM. ACTION NO. 06-0256-WS-C** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### ORDER

This matter is before the Court on the petitioner's motion to vacate.  (Doc. 81).
The Magistrate Judge has entered a report and recommendation ("R&R") concluding that
the motion is due to be denied, (Doc. 92), and the petitioner has filed an objection.  (Doc.
96).[1]  After a careful consideration of the file and de novo review of those portions of the
R&R to which objection is made, the Court concludes that the R&R is due to be adopted,
with the additions set forth below, as the opinion of the Court and that the motion to
vacate is due to be denied.

The only ground of the petitioner's motion to vacate is that his trial counsel
rendered ineffective assistance by failing to advise him that he was likely to receive a
two-level enhancement for obstruction of justice if he testified at the sentencing hearing
and the Court discredited his testimony.  The Magistrate Judge concluded that the
petitioner could not establish the deficient performance prong of this claim, in part
because counsel had no duty to so advise the petitioner.

In his objections, the petitioner correctly notes that a defendant has a Sixth
Amendment right to effective counsel at sentencing and a Fifth Amendment right not to
incriminate himself at sentencing.  While the petitioner insists that counsel is "duty

---

[1]The Court has considered only the petitioner's revised statement of objections,
(*id.*), not his original statement, (Doc. 95), which was superseded by the revised version.

bound" to advise his client of the possibility of an obstruction-of-justice enhancement, (Doc. 96 at 3), he offers no authority for his position.  The Magistrate Judge, in contrast, cited four cases concluding that there is no such duty, because the taking of the oath of itself advises the defendant that truthful testimony is expected and conveys the message that untruthful testimony risks negative consequences.  *See also United States v. Mandujano*, 425 U.S. 564, 581 (1976) ("Respondent [a grand jury witness] was also warned that he could be prosecuted for perjury if he testified falsely.  Since respondent was already under oath to testify truthfully, this explanation was redundant; it served simply to emphasize the obligation already imposed by the oath.") (plurality opinion). The petitioner has done nothing to show that these cases are wrong or even that other cases have disagreed with them.

After due and proper consideration of all portions of the file relevant to the issues raised, and a de novo determination of those portions of the R&R to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), as supplemented by the foregoing material, is **adopted** as the opinion of the Court.  The motion to vacate is **denied**.  Judgment shall be entered accordingly by separate order.


DONE and ORDERED this 30th day of November, 2009.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE